UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Boards of Trustees of Ohio
Laborers' Fringe Benefit
Programs,

    Plaintiffs,

v.                                                                          Case No. 2:10-cv-787

Sandusky Bay Construction                                Judge Michael H. Watson
Company,

    Defendant.

## OPINION AND ORDER

    Plaintiffs, various Boards of Trustees of employee benefit programs, filed this action under 29 U.S.C. § 1132(g) to recover unpaid contributions owed to them by defendant Sandusky Bay Construction Company. Sandusky Bay never answered the complaint and the Clerk has now entered its default. On October 22, 2010, plaintiffs moved for a default judgment. That motion will be granted as follows.

    As to monetary relief, the complaint alleges that contributions were owed but not paid to the various funds for the months of January through July, 2010. The amount of contributions themselves, exclusive of interest and liquidated damages, was alleged to be $32,287.52, and the interest and liquidated damages were calculated to be another $3,824.12 as of August 16, 2010. The complaint further sought any additional contributions, liquidated damages, and interest that might be owed for other months, and it asked for attorneys' fees. These are all recoverable items under § 1132(g).

    The affidavits attached to the motion for a default judgment provide proof that

$35,648.09—slightly less than the complaint asks for—is owed for the January through July period. The request for this sum thus complies with Fed. R. Civ. P. 54(c), which does not allow a judgment by default "to differ in kind from, or exceed in amount, what is demanded in the pleadings." The request for an additional $1,505.00 in attorneys' fees is also properly supported by an affidavit and is reasonable. Consequently, the plaintiffs are entitled to a money judgment in the total amount of $37,153.09.

The complaint also requests non-monetary relief in the form of "a mandatory permanent injunction ordering the Defendant to submit monthly reports and to make monthly contributions as required by the various Agreements and Declarations of Trust." Pls' Compl. 3, ECF No. 1. According to the motion for default judgment, and as confirmed by this Court's docket, this is the fourth time in the last two years that the plaintiffs have had to sue Sandusky Bay Construction Company for unpaid contributions. *See Bds. of Trs. of Ohio Laborers' Fringe Benefit Programs v. Sandusky Bay Constr. Co.*, 2:08–cv–803–GLF–TPK; *Bds. of Trs. of Ohio Laborers' Fringe Benefit Programs v. Sandusky Bay Constr. Co., et al.*, 2:08–cv–1120–GLF–MRA,; *Bds. of Trs. of Ohio Laborers' Fringe Benefit Programs v. Sandusky Bay Constr. Co.*, 2:10–cv–00155–MHW–EPD. Plaintiffs argue that they will suffer irreparable harm if such an injunction is not granted.

As this Court noted in *Orrand v. TNS, Inc.*, 2009 WL 936974 (S.D. Ohio Apr. 1, 2009), injunctive relief is appropriate where a party's usual remedy for non-payment of money owed, the entry of a money judgment, is inadequate. That showing cannot typically be made in the context of an initial action to collect delinquent contributions, and such relief was denied in *Orrand v. TNS, Inc.* exactly for that reason. However, the

Court noted that such relief had been granted in other cases where there was "evidence that this particular employer is a persistent offender . . . ." *Id.* at *2 (citing, *inter alia*, *Bd. of Trs. v. Maint. Unlimited*, 2006 WL 2988376 (S.D. Ohio Oct. 17, 2006)). Although an injunction might also be based on evidence that, absent such relief, the funds' ability to pay benefits might be threatened, plaintiffs have not presented that type of evidence here. Nonetheless, the pattern of non-compliance and the multitude of suits filed against the defendant convince the Court that this is a case where forcing the funds to resort continually to the judicial process in order to secure Sandusky Bay's compliance with the applicable agreement is simply not an adequate remedy and that, absent an injunction, "it is very likely that [Sandusky Bay] will continue to withhold employee benefit contributions from the [funds]." *See Laborers Fringe Benefit Funds Detroit & Vicinity v. Nw. Concrete & Constr., Inc.*, 640 F.2d 1350, 1353 (6th Cir. 1981). Injunctive relief is therefore warranted.

For these reasons, plaintiffs' motion for default judgment, ECF No. 7, is **GRANTED**. The Clerk is directed to enter judgment in favor of plaintiffs in the amount of $37,153.09, with interest from the date of judgment at the rate of 1% per month. Further, defendant Sandusky Bay Construction Company is **PERMANENTLY ENJOINED** from further violations of the collective bargaining agreement at issue in this case, which incorporates the terms of the Ohio Heavy-Municipal and Utility Construction Agreement, and which requires defendant to submit contribution reports, and to pay contributions, by the fifteenth day of each month for work performed by employees in the applicable trade jurisdiction for the preceding month. This injunction shall be applicable to any extensions of the current agreement. Sandusky Bay Construction

Company is also **ORDERED** to submit its contribution reports and payments for the months of August and September, 2010, within fifteen days of the date of judgment. Its failure to comply with any aspect of this injunction may cause it to be held in contempt of court and to be sanctioned accordingly. Under Fed. R. Civ. P. 65(b)(2), the persons who are bound by this injunction, and who may be held in contempt if a violation occurs, include the defendant, Sandusky Bay Construction Company, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with either the defendant or its officers, agents, servants, employees, and attorneys.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT